JOSEPH E. THAGGARD
JEFFREY K. STARNES
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, STE 1100
Helena, MT 59624
Phone:   (406) 457-5263
FAX:     (406) 4575130
Email:   joseph.thaggard@usdoj.gov
         jeff.starnes@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED
JUN 27 2016
Clerk, U.S. District Court
District Of Montana
Missoula

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 16-05-H-DLC |
| --- | --- |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| CORDERO ROBERT METZKER, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Joseph E. Thaggard, Assistant United States

1   AUSA   DEF   ATTY   Date

Attorney for the District of Montana, and the Defendant, Cordero Robert Metzker, and his attorney, Colin M. Stephens, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the Defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The Defendant agrees to plead guilty to Count I of the superseding indictment, which charges the crime of conspiracy to possess with the intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. § 846. Count I carries a mandatory minimum term of five years' imprisonment, a maximum term of 40 years' imprisonment, a $5,000,000 fine, at least four years' supervised release, and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The Defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts II-IV of the indictment and superseding indictment, and b) makes the recommendations provided below. Further, the United States will not seek an enhanced sentence

2     AUSA    DEF    ATTY    Date

against the Defendant, pursuant to 21 U.S.C. § § 841(b)(1)(B) and 851, on the basis of the Defendant's prior convictions for felony drug offenses. The Defendant understands that if the agreement is accepted by the Court, and Counts II-IV of the indictment and superseding indictment are dismissed, there will not be an automatic right to withdraw the guilty plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The Defendant will plead guilty because he is in fact guilty of the charges contained in Counts I and VI of the superseding indictment. In pleading guilty to Count I, the Defendant acknowledges that:

**First**, there was an agreement between two or more people to possess with the intent, and to distribute, controlled substances, namely methamphetamine and Suboxone; and

**Second**, the Defendant entered the agreement knowing of and least one its objectives and intending to accomplish at least one of those objectives; and

**Third,** the scope of the Defendant's agreement with his coconspirators involved 50 grams or more of a substance containing a detectable amount of methamphetamine and it was also reasonably foreseeable to the Defendant that the conspiracy in this matter involved such an amount of a substance containing a detectable amount of methamphetamine.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the Defendant, in a prosecution for perjury or false statement, any statement that the Defendant gives

3  AUSA  DEF  ATTY  Date

under oath during a plea colloquy.

(b) The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The Defendant has the right to a jury trial unless the Defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(d) The Defendant has the right to be represented by counsel, and if necessary, have the Court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The Defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would

4   AUSA   DEF   ATTY   Date

find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the Defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from the Defendant's refusal to testify. Or the Defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the Defendant to reversal of the conviction.

(j) The Defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*.



| AUSA | DEF | ATTY | Date |

By execution of this agreement, the Defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(k)   If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The Defendant understands that by pleading guilty pursuant to this agreement, the Defendant is waiving all the rights set forth in this paragraph. The Defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:**   The United States will recommend the Defendant's offense level be decreased by two levels for acceptance of responsibility, under USSG § 3E1.1(a), and will move for an additional one level, under USSG § 3E1.1(b), if appropriate under the Guidelines, unless the Defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in any way inconsistent with the acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The Defendant understands that the Court is not bound by any party's recommendations.

7. **Sentencing Guidelines:**   Although advisory, the parties agree that



6   AUSA   DEF   ATTY   Date

the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waivers:**

   a. **Mutual Conditional Waiver of Appeal:** The Defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the Defendant waives his right to appeal any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the Defendant agrees with that range. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the range provided for by that calculation.

   The Defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

   b. **Waiver of Appeal of the Sentence – 5K motion:**

   The Defendant acknowledges that 18 U.S.C. § 3742 affords him the right to

7   AUSA   DEF   ATTY   Date

appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG § 5K1.1 to reward the Defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the Defendant hereby waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the Defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

c. **Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion:** The Defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, *Federal Rules of Criminal Procedure*, to reward the Defendant for any substantial

assistance the Defendant provides after sentencing. If such a motion is made, the Defendant hereby agrees to waive the Defendant's right to appeal and to dismiss any pending appeal.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the Defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

**9.** **Voluntary Plea:** The Defendant and the Defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**10.** **Disclosure of Financial Information**: The Defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the Defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the Defendant through its investigation. The Defendant further agrees to fully complete a financial statement in the form prescribed by the

9    AUSA    DEF    ATTY    Date

U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant consents to being immediately placed on the Treasury Offset Program to help meet the Defendant's obligation to pay restitution and/or a fine.

**11. Loss of Federal Benefits:** The Defendant acknowledges that, based on his plea of guilty to a federal controlled substances crime, he is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the Defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

**12. Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the Defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a

danger to any other person or the community. Then, if exceptional circumstances exist, the Defendant may be released upon conditions.

**13. Breach:** If the Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

**14. Entire Agreement:** Any statements or representations made by the United States, the Defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

MICHAEL W. COTTER
United States Attorney

_____
JOSEPH E. THAGGARD
Assistant U.S. Attorney

_____
CORDERO ROBERT METZKER
Defendant

_____
COLIN M. STEPHENS
Defense Counsel

| 11 | JE | CRM | CMS | 6/27/16 |
|---|---|---|---|---|
| | AUSA | DEF | ATTY | Date |