**JOSEPH E. THAGGARD**
**JEFFREY K. STARNES**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, Montana 59626**
**Phone:   (406) 457-5120**
**FAX:     (406) 457-5130**
**E-mail:   joseph.thaggard@usdoj.gov**
         **jeff.starnes@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CORDERO ROBERT METZKER,**<br><br>Defendant. | CR 16-05-H-DLC<br><br><br><u>**UNITED STATES' OFFER OF PROOF**</u> |

The Defendant, Cordero Robert Metzker, appears before the Court to plead guilty to Count I of the superseding indictment, which charges him with the offense of conspiracy to possess with the intent to distribute, and to distribute,

1

controlled substances, in violation of 21 U.S.C. § 846.[1]  The elements of the offense are as follows: (1) there was an agreement between two or more people to possess, with the intent to distribute, and to distribute, controlled substances, namely methamphetamine and Suboxone; and (2) the Defendant entered the agreement knowing of at least one of its objectives and intending to accomplish at least one its objectives.  Additionally, while not a formal element of Count I, the government bears the burden of proving that the Defendant's agreement with his coconspirators involved at least 50 grams of a substance containing a detectable amount of methamphetamine or that it was reasonably foreseeable to the Defendant that the conspiracy involved such an amount of methamphetamine.

If this matter proceeded to trial, the government would admit the following evidence to establish the essential elements of Count I:

1.  At all times relevant to the period time stated in Count I, Ian Scott Barclay was a prisoner housed at the Montana State Prison, located in Deer Lodge, Montana.  The Defendant is an associate of Barclay and has known Barclay for more than eight years;

2.  In approximately early April 2015, Barclay persuaded Erin Bernhardt, a prison employee who worked in the prison's laundry, to smuggle controlled

---

[1]The Defendant is pleading guilty pursuant to a plea agreement that represents the sole, best, and last offer the government made to the Defendant to resolve this matter by a guilty plea.

substances in to Barclay, who then distributed the drugs to other inmates in the prison. In exchange for smuggling drugs into the prison, Bernhardt received bribes from Barclay via his associates;

3. In approximately early April 2015, Barclay contacted the Defendant by telephone. Barclay asked the Defendant to send $400.00 to Rachel Ross, who was in Tennessee. The Defendant understood that the money would be used to purchase and send controlled substances to Barclay;

4. The Defendant sent the money to Ross later in April. Ross used the money to buy Suboxone, which she mailed to Bernhardt. Bernhardt, in turn, provided the Suboxone to Barclay. Barclay sold the Suboxone to other inmates, earning $4,000.00 to $5,000.00. Barclay used some of that money to repay the Defendant for the funds the Defendant had sent to Ross;

5. Over the course of telephone conversations in May and June 2015, Barclay again contacted the Defendant in furtherance of the conspiracy. Barclay arranged for the Defendant to send $600.00 to Ross. The Defendant believed the money would be used to purchase heroin for Bernhardt to smuggle into Barclay, but later learned from Barclay that the controlled substance was, in fact, methamphetamine. Ross subsequently told the Defendant the substance consisted of one-half ounce of methamphetamine;

6. The United States Postal Inspector confirmed that an unidentified sender mailed a package on June 27, 2015 to Bernhardt that the latter received on June 29, 2015. Bernhardt later confessed to FBI Special Agent Bart Boodee that the package contained methamphetamine she smuggled into Barclay;

7. On July 19, 2015, at Barclay's request, the Defendant sent a Western Union money transfer of $1000.00 to Bernhardt as the payment of a bribe for her participation in the drug smuggling scheme;

8. On August 7, 2015, Barclay instructed the Defendant to send a text message to Bernhardt that stated, in effect, that Barclay's associates would deliver drugs to her over the weekend. On August 8, 2015, Barclay's associates delivered one-quarter pound of methamphetamine to Bernhardt. Bernhardt, in turn, smuggled the drugs into the prison and provided them to Barclay. Barclay then distributed the drugs to other inmates in the prison.

9. On October 30, 2015, Special Agent Boodee interviewed the Defendant. The Defendant admitted that he participated in the conspiracy by sending funds to Ross for the purchase of controlled substances, providing bribes to Bernhardt for delivery of the drugs to Barclay, and sending text messages to Bernhardt about the conspiracy.

DATED this 27th day of June, 2016.

                        MICHAEL W. COTTER
                        United States Attorney

                        */s/Joseph E. Thaggard*
                        JOSEPH E. THAGGARD
                        Assistant U.S. Attorney
                        Attorneys for Plaintiff