**JOSEPH E. THAGGARD**
**JEFFREY K. STARNES**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, Montana 59626**
**Phone:** (406) 457-5120
**FAX:** (406) 457-5130
**E-mail:** joseph.thaggard@usdoj.gov
jeff.starnes@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**RACHEL LEANNA ROSS,**<br><br>Defendant. | **CR 16-05-H-DLC**<br><br><br>**UNITED STATES' OFFER OF PROOF** |

The Defendant, Rachel Leanna Ross, appears before the Court to plead guilty to the superseding information, which charges her with the offense of conspiracy to possess with the intent to distribute, and to distribute, controlled

1

substances, in violation of 21 U.S.C. § 846.[1]  The elements of the offense are as follows: (1) there was an agreement between two or more people to possess, with the intent to distribute, and to distribute, controlled substances, namely methamphetamine and Suboxone; and (2) the Defendant entered the agreement knowing of at least one of its objectives and intending to accomplish at least one its objectives.

If this matter proceeded to trial, the government would admit the following evidence to establish the essential elements of the charge:

1.  At all times relevant to the period time stated in the superseding information, Ian Scott Barclay was a prisoner housed at the Montana State Prison, located in Deer Lodge, Montana.  The Defendant and Cordero Metzker were associates of Barclay;

2.  In approximately early April 2015, Barclay persuaded Erin Bernhardt, a prison employee who worked in the prison's laundry, to smuggle controlled substances in for Barclay, who then distributed the drugs to other inmates in the prison.  In exchange for smuggling drugs into the prison, Bernhardt received bribes from Barclay via his associates;

---

[1] The Defendant is pleading guilty pursuant to a plea agreement that represents the sole, best, and last offer the government made to the Defendant to resolve this matter by a guilty plea.

3. In approximately early April 2015, Barclay contacted Metzker by telephone. Barclay asked Metzker to send $400.00 to the Defendant, who was in Tennessee. Metzker understood that the money would be used to purchase and send controlled substances to Barclay;

4. Metzker sent the money to the Defendant later in April 2015. The Defendant used the money to buy Suboxone, which she mailed to Bernhardt. Bernhardt, in turn, provided the Suboxone to Barclay. Barclay sold the Suboxone to other inmates, earning $4,000.00 to $5,000.00.

5. Over the course of telephone conversations in May and June 2015, Barclay again contacted the Metzker in furtherance of the conspiracy. Barclay arranged for the Metzker to send $600.00 to the Defendant. Metzker believed the money would be used to purchase heroin for Bernhardt to smuggle into Barclay, but later learned from Barclay that the controlled substance was, in fact, methamphetamine. The Defendant subsequently told Metzker the substance consisted of one-half ounce of methamphetamine;

6. The United States Postal Inspector confirmed that an unidentified sender mailed a package on June 27, 2015 to Bernhardt that the latter received on June 29, 2015. Bernhardt later confessed to FBI Special Agent Bart Boodee that the package contained methamphetamine she smuggled into Barclay;

7. On July 19, 2015, at Barclay's request, Metzker sent a Western Union money transfer of $1000.00 to Bernhardt as the payment of a bribe for her participation in the drug smuggling scheme,

DATED this 1st day of July, 2016.

MICHAEL W. COTTER
United States Attorney

*/s/Joseph E. Thaggard*
JOSEPH E. THAGGARD
Assistant U.S. Attorney
Attorneys for Plaintiff